**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christopher Todd SMITH, Defendant–Appellant.**

**No. 11–30374.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2012.[*]

Filed Nov. 19, 2012.

Timothy M. Durkin, Assistant U.S. Attorney, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Troy Joseph Lee, Troy Lee & Associates, Yakima, WA, for Defendant–Appellant.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM [**]

Christopher Todd Smith appeals from the 24–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Smith first contends that the district court imposed a substantively unreasonable sentence. In light of the fact that this was Smith's fifth revocation offense, the 24–month sentence is substantively reasonable. *See* 18 U.S.C. § 3583(e); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir.2006) (at a revocation sentencing, the district court may sanction the defendant for his breach of trust).

Smith next contends that his counsel provided ineffective assistance by failing to

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

provide proof of his enrollment in school and by failing to interview a witness before the witness testified. Although ineffective assistance of counsel claims are generally not considered on direct appeal, the record here is sufficiently developed to permit consideration of this claim. *See United States v. Alferahin,* 433 F.3d 1148, 1160 n. 6 (9th Cir.2006). Smith's claim fails because even if his counsel's performance were deficient, it did not prejudice him. *See Strickland v. Washington,* 466 U.S. 668, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

